UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEFFREY LYNN FRANKLIN,

    Petitioner,

v.

JERRY HOWELL, *et al.*,

    Respondents.

Case No. 2:20-cv-00075-KJD-EJY

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION**

This action is a *pro* se petition for a writ of habeas corpus by Jeffrey Lynn Franklin, a prisoner at Nevada's Three Lakes Valley Conservation Camp. Franklin initiated this action on January 10, 2020, by filing an Application to Proceed *in Forma Pauperis* (ECF No. 1) and a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1-1).

The financial information provided with Franklin's Application to Proceed *in Forma Pauperis* indicates that he is unable to pay the filing fee for this action. The Court will, therefore, grant the application and will not require Franklin to pay the filing fee for this action.

The Court has examined Franklin's habeas petition, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It plainly appears that Franklin's petition must be dismissed, as it is successive, and Franklin has not obtained from the court of appeals the permission required to file such a successive petition.

Franklin's petition in this case challenges his September 8, 2006, conviction and sentence in Case No. C215549 in Nevada's Eighth Judicial District Court. *See* Petition for Writ of Habeas Corpus, p. 2. Franklin has, in this Court, repeatedly challenged that

same state-court conviction; the Court takes judicial notice of the proceedings in this Court in Case No. 3:10-cv-00020-HDM-VPC, Case No. 3:13-cv-00714-MMD-WGC, Case No. 3:15-cv-00308-LRH-VPC, and Case No. 2:18-cv-00444-JAD-NJK.

In Case No. 3:10-cv-00020-HDM-VPC, as in this case, Franklin challenged his conviction in Case No. C215549 in the Eighth Judicial District Court. *See* Petition for Writ of Habeas Corpus, ECF No. 4 in Case No. 3:10-cv-00020-HDM-VPC, p. 2. The Court denied Franklin's petition on its merits, and denied Franklin a certificate of appealability. *See* Order, ECF No. 25 in Case No. 3:10-cv-00020-HDM-VPC. Judgment was entered accordingly. *See* Judgment, ECF No. 26 in Case No. 3:10-cv-00020-HDM-VPC. On May 23, 2013, the Ninth Circuit Court of Appeals denied Franklin a certificate of appealability. *See* Order of the Court of Appeals, ECF No. 30 in Case No. 3:10-cv-00020-HDM-VPC.

Subsequently, Franklin initiated three more habeas actions (before the instant action) in this Court challenging the same state-court conviction and sentence – Case No. 3:13-cv-00714-MMD-WGC, Case No. 3:15-cv-00308-LRH-VPC, and Case No. 2:18-cv-00444-JAD-NJK – and each of those cases was dismissed because it was successive and Franklin made no showing that he had obtained the necessary permission from the Ninth Circuit Court of Appeals to file such a successive habeas action. *See* ECF Nos. 3 and 4 in Case No. 3:13-cv-00714-MMD-WGC; ECF Nos. 3 and 6 in Case No. 3:15-cv-00308-LRH-VPC; ECF Nos. 15 and 16 in Case No. 2:18-cv-00444-JAD-NJK.

A successive habeas petition may not be filed in this Court unless the petitioner has obtained permission from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Franklin has made no allegation or showing that he has obtained such permission from the court of appeals. Therefore, this action will be dismissed.

**IT IS THEREFORE ORDERED** that the Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 1) is **GRANTED**. The petitioner is not required to pay the filing fee for this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall separately file the Petition for Writ of Habeas Corpus, now found at ECF No. 1-1.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability, because reasonable jurists would not find this order to be debatable.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 13 day of January, 2020.

_____
KENT J. DAWSON,
UNITED STATES DISTRICT JUDGE